IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 13-cv-01997-CMA-MJW

MARY LESTER,

    Plaintiff,

v.

CITY OF LAFAYETTE, COLORADO,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO
EXCLUDE DEFENDANT'S EXPERT REPORT**

---

This matter is before the Court on Plaintiff's Motion to Exclude Defendant's Expert Report. (Doc. # 19.) For the reasons discussed below, the Court denies the motion.

## I.    BACKGROUND

This case is based on Plaintiff Mary Lester's discrimination claim under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act ("ADA"). (Doc. # 17 at 1.) Primarily, Plaintiff alleges that Defendant City of Lafayette terminated her employment as City Manager because of her association with a person with a disability, her daughter, K. Fournier. (*Id.*) Conversely, Defendant claims that Plaintiff was terminated for non-discriminatory reasons for engaging in unethical bidding procedures in her capacity as a City Manager. (Doc. # 24 at 1, 5.)

Plaintiff, at all relevant times, was the Senior Services Manager for the Lafayette Senior Center. (Doc. # 17, ¶ 20.) In December 2011, she was assigned the task of replacing some of the flooring in the Senior Center. (*Id.*, ¶ 29.) Defendant alleges

Plaintiff's termination was the result of her actions of impropriety, and violations of City policies that took place during transactions related to this assignment.  (Doc. # 24 at 1, 5.)  There is no dispute that Plaintiff's responsibilities as a City Manager were subject to the standards of City policies, procedures, and ethics.  See (Doc. ## 17, 20, 24.)

Defendant issued Plaintiff an expert disclosure along with its proposed expert's report and testimony regarding City policies, bidding practices, and ethical obligations of City employees.  (Doc. ## 20-1, 20-2, 20-3.)  Subsequently, Plaintiff filed a motion to exclude Defendant's expert, Mr. Hansen, and his testimony and opinion.  (Doc. # 19.)  On March 17, 2014, Defendant filed a response.  (Doc. # 24.)

## II.   LAW AND ANALYSIS

Under *Daubert*, the trial court acts as a "gatekeeper" by reviewing a proffered expert opinion for relevance pursuant to F.R.E. 401, and reliability, as determined by F.R.E. 702.  See *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-95 (1993); *see also Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000).  As the proponent of the expert, Defendant must demonstrate by a preponderance of the evidence that the expert's testimony and opinion is admissible. See *Mitchell v. Gencorp., Inc.*, 165 F.3d 778, 781-82 (10th Cir. 1999); *United States v. Crabbe*, F. Supp.2d 1217, 1220-21 (D. Colo. 2008); F.R.E. 702 advisory comm. notes. This Court has discretion to evaluate whether an expert is helpful, qualified, and reliable under F.R.E. 702.  See *Goebel*, 214 F.3d at 1087; *United States v. Velarde*, 214 F.3d 1204, 1208-09 (10th Cir. 2000).

Federal Rule of Evidence 702 governs the admissibility of expert testimony.  Rule 702 requires that the evidence or testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue," also known as the "helpfulness" requirement. *Daubert*, 509 U.S. at 591.   The helpfulness requirement's primary inquiry is one of relevance; therefore, if the expert testimony does not relate to any issue in the case, the testimony is not relevant.  *Id.*   Further, "[i]n determining whether expert testimony will be helpful to the jury in a particular case, the court is required to evaluate the state of knowledge presently existing about the subject of the proposed testimony in light of its appraisal of the facts of the case."   *F.D.I.C. v. Refco Grp., Ltd.*, 184 F.R.D. 623, 630 (D. Colo. 1999).

In the instant case, Defendant alleges, "Plaintiff's conduct associated with the bidding process [was] a violation of City policy, general municipal bidding practice and procedure and municipal ethics and, therefore, a legitimate, non-discriminatory basis for the employment action taken."   (Doc. # 24 at 6.)   Plaintiff argues Mr. Hansen's opinion that she acted improperly under City policies and ethical requirements will not assist the jury because it does not involve scientific, technical, or specialized knowledge, *i.e.*— Mr. Hansen's testimony fails under the "helpfulness" requirement of F.R.E. 702.[1]  (Doc. # 20 at 1-2.)

In light of the specialized care Plaintiff was required to take in her capacity as a City Manager, a jury would benefit from Mr. Hansen's testimony as it sets out the required

---

[1] Additionally, in a footnote Plaintiff asserts her intention to "reserve[] the right to file a subsequent additional motion to exclude Mr. Hansen's report based upon its lack of reliability should the Court deny the instant motion."   Therefore, at this time, the Court is limiting its analysis to whether Mr. Hansen's opinion will be helpful to the jury.

3

procedures and ethical practices of public officials. *See Refco Grp.,* 184 F.R.D. at 630. Plaintiff asserts that the report's reference to common sense ethical requirements makes the report unnecessary to help the jury. (Doc. # 20 at 4.) However, although ethical matters may be commonsensical, the required ethics of a City Manager or other public official are different from those that apply to the average layperson.

Mr. Hansen's opinions contain detailed assessments of the City's purchasing policies and Code of Ethics, the ethical concerns associated with Plaintiff's conduct, and municipal policy, procedure, and ethics. *See* (Doc. # 20-3.) He also opines on how a government employee's actions reflect upon and affect a governmental entity's position in using taxpayer funds to purchase goods for public use. (*Id.* at 5-6.) This Court, finds that Mr. Hansen's expert testimony will be helpful to aid the jury in determining the proper procedures, policies, and ethics required of Plaintiff in her role as City Manager. *See* (Doc. # 20-3.)

### III. CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's Motion to Exclude Defendant's Expert Report (Doc. # 19) is DENIED.

DATED: July 9, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge