IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01997-CMA-MJW

MARY LESTER,

Plaintiff,

v.

CITY OF LAFAYETTE, COLORADO,

Defendant.

**ORDER REGARDING DEFENDANT'S MOTION FOR COSTS AND ATTORNEY FEES (DOCKET NO. 46)**

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the court on Defendant's Motion for Costs and Attorney Fees (docket no. 46). The court has reviewed the subject motion (docket no. 46), the response (docket no. 48), and the reply (docket no. 53). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4.  That Defendant seeks an award of attorney fees and costs in the amount of $4,675.23 for having to defend Plaintiff's Motion to Compel (docket no. 22) and Plaintiff's Objections (docket no. 33), plus the attorney fees and costs for having to file the subject motion (docket no. 46) and the reply (docket no. 53). Plaintiff's Response (docket no. 48) sets forth only three reasons why this court should not award attorney fees and costs. Plaintiff argues (1) that Plaintiff thought the law of the case doctrine should not apply; (2) that Plaintiff did not have knowledge of the arrest earlier; and (3) that discovery in employment cases should be broad;

5.  That there is no dispute that Fed. R. Civ. P. 37(a)(5)(B) governs the issues raised in the subject motion (docket no. 46) concerning attorney fees and costs. If a motion to compel is denied, the court must, "after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). To avoid a mandatory award of expenses, including attorney's fees, under Rule 37(a)(5)(B), the movant must show that its motion had a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988); Kirzhner v.

3

Silverstein, No. 09-cv-02858–RBJ–BNB, 2012 U.S. Dist. LEXIS 5144, at *15 (D. Colo. Jan. 17, 2012);

6. That Defendant prevailed on Plaintiff's Motion to Compel (docket no. 22). See Minute Order (docket no. 28) which this court incorporates by reference;

7. That Plaintiff has been given an opportunity to be heard in her response (docket no. 48);

8. That as to Plaintiff's first argument that the law of case doctrine should not apply, Judge Arguello clearly found that it does apply. See Judge Arguello's Order Affirming Magistrate Judge's Order Denying Plaintiff's Motion to Compel (docket no. 41). Moreover, as stated above, I ruled on the scope, content, and questioning concerning Mr. Cheesman's criminal history and made clear on the record the limitations of Plaintiff's counsel's questioning. See exhibit F, 43:24-44:1, 48:7-132, 48:15-51; 5 attached to docket no. 53. This ruling was clear and concise and at no time did Plaintiff or Plaintiff's counsel seek clarification nor did they file a timely Objection to my ruling pursuant to Fed. R. Civ. P. 72(a). See docket no. 28. Instead, Plaintiff pursued the wrong procedure for relief and filed a Motion to Compel (docket no. 22). Plaintiff should have filed a Fed. R. Civ. P. 72(a) Objection if Plaintiff felt my ruling on the scope, content, and questioning concerning Mr. Cheesman's criminal history was erroneous;

4

9. That as to Plaintiff's second argument that she did not have knowledge of Mr. Cheesman's earlier October 5, 2013 arrest (docket no. 48-1) until January 17, 2014, I find this argument is without merit. First, the Rule 16 Scheduling Order (docket no. 10) was entered in this case on September 16, 2013, and the parties were given until April 18, 2014 to complete discovery. Plaintiff is the one who noticed the deposition of Mr. Cheesman and such deposition took place on December 10, 2013. Mr. Cheesman's October 5, 2013 arrest (docket no. 48-1) was available to Plaintiff if Plaintiff would have exercised some "due diligence" by conducting a background check of Mr. Cheesman before noticing and taking Mr. Cheesman's deposition. Plaintiff's lack of due diligence is not a basis for setting aside the presumption in Fed. R. Civ. P. 37(a)(5)(B);

10. That as to Plaintiff's third argument that "discovery in employment cases should be broad," I find that Plaintiff's general statement is accurate and supported by the case law, but the issue before this court in the subject motion (docket no. 46) is whether sanctions should be imposed against Plaintiff and/or Plaintiff's counsel and in favor of the Defendant for having to defend Plaintiff's Motion to Compel (docket no. 22) and Plaintiff's Objections (docket no. 33). plus the attorney fees and costs for having to file the subject motion (docket no. 46) and the reply (docket no. 53). Accordingly,

5

Plaintiff's argument and very general statement that broad discovery should be allowed in a employment case does not rebut the presumption that the prevailing party is entitled to an award of expenses, and such argument lacks substantial justification;

11. That Plaintiff's Motion to Compel (docket no. 22) was not "substantially justified" nor does it fall within the other circumstances which would make an award of expenses unjust as outlined in Nat'l Jewish Health v. WebMD Health Serv. Group, Inc., 2014 WL 2118585, at *9 (D. Colo. 2014). Plaintiff did not follow the proper procedure and file a Rule 72(a) Objection to my ruling on the scope, content, and questioning concerning Mr. Cheesman's criminal history, which was at the time, and still is, the law of the case. Plaintiff did not have a reasonable basis in law or fact to file the Motion to Compel (docket no. 22). Plaintiff unnecessarily and without justification expanded this case by filing the motion. By filing such motion, Plaintiff caused Defendant to unnecessarily have to file a response (docket no. 27) to the motion (docket no. 22) and also caused Defendant to unnecessarily have to file a response (docket no. 34) to Plaintiff's Objection to the Magistrate's Order Denying Plaintiff's Motion to Compel (docket no. 33). See Minute Order denying Plaintiff's Motion to Compel (docket no. 28). It should be noted that Judge Arguello entered an Order Affirming Magistrate Judge's Order Denying Plaintiff's Motion to Compel

6

(docket no. 41).  Accordingly, I find that the Plaintiff's Motion to Compel (docket no. 22) should never have been filed since Plaintiff's relief should have been through a timely filed Rule 72(a) Objection on my initial ruling on the scope, content, and questioning concerning Mr. Cheesman's criminal history.  This procedure was not followed by Plaintiff which has caused Defendant to incur unnecessary attorney fees and costs as outlined above, and further has caused Defendant to have to file the subject motion (docket no. 46) and a reply (docket no. 53); and

12. That the benchmark for an award of attorney fees under nearly all of the federal statutes authorizing an award of attorney fees is that the amount of the fees awarded be "reasonable." <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 562 (1986).  "The lodestar figure - reasonable hours times reasonable rate - is the mainstay of the calculation of a reasonable fee." <u>Anderson v. Secretary of Health & Human Servs.</u>, 80 F.3d 1500, 1504 (10th Cir. 1996).  In this case, the court has considered those factors as outlined in the cases of <u>Poolaw v. City of Anadarko, Okl.</u>, 738 F.2d 364 (10th Cir. 1984) and <u>Blanchard v. Bergeron</u>, 489 U.S. 87 (1989).  Taking these factors into consideration and after careful review of the Affidavit of Marni Nathan Kloster (docket no. 46-5), this court finds that the hourly rates charged and the time spent by Defendant's attorneys, to respond and defend as outlined above,

7

are fair and reasonable hourly rates for attorneys practicing law in Denver, Colorado with the level of experience as outlined in the Affidavit (docket no. 46-5). Moreover, the court finds that the sum of $4,556.50 in attorney fees and $118.73 in costs are fair, reasonable, and necessary for the work as outlined above.

## ORDER

WHEREFORE, based upon these findings of fact and conclusions of law this court ORDERS:

1. That Defendant's Motion for Costs and Attorney Fees (docket no. 46) is GRANTED; and

2. That Plaintiff Mary Lester and Plaintiff's Attorney Ralph Emerson Lamar, IV shall, jointly and severally, pay to Defendant City of Lafayette, Colorado the sum of $4,556.50 in attorney fees and $118.73 in costs on or before August 15, 2014.

Done this 16th day of July 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE