IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01997-CMA-MJW

MARY LESTER,

Plaintiff,

v.

CITY OF LAFAYETTE, COLORADO,

Defendant.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Ralph Lamaer's Motion for Leave to Deposit Funds in the Court's Registry (**Docket No. 110**) is **GRANTED**, as follows, and that Ralph Lamar's Motion for Indicative Ruling (**Docket No. 112**) is **DENIED**, as follows.

During trial-level litigation in this case, the Court awarded Defendant its fees and costs incurred in defending a discovery motion. (Docket Nos. 55, 92.) The Court later granted Defendant's motion for summary judgment. (Docket Nos. 94, 95.) Plaintiff timely appealed. (Docket No. 101.) During appeal, the parties settled. (Docket No. 111, p.3.) As represented by Plaintiff's counsel: "As part of the agreement Defendant agreed not to oppose a motion by Ralph Lamar (Plaintiff's counsel) to vacate the Magistrate's sanctions order." (*Id.* at 3-4.) Stated more comprehensively:

> Under the Settlement, Plaintiff withdraw[s] her appeals and Defendant agrees to waive its Bill of Costs, as filed with this Court. Defendant also agreed not to seek payment of the sanctions award from Plaintiff and that it would not oppose a motion by Ralph Lamar for the vacation of the sanctions order and award. However, in the event this Court does not order vacatur of the sanctions order and award, Mr. Lamar has reserved the right to pursue his appeal of the matter to the 10th Circuit Court of Appeals and Defendant has the right to seek recovery of the awarded cost and fees against Mr. Lamar.

(Docket No. 112 ¶ 5.) Thus, it appears that (1) all questions in the case have been resolved by mutual agreement except for the discovery sanction imposed against Plaintiff's counsel; and (2) the parties have agreed that Plaintiff would seek relief from the discovery sanctions from this Court, unopposed; but (3) if this Court denies such relief, the parties will return to litigating the discovery sanctions on appeal.

Plaintiff cites the legal standards governing vacatur on grounds of mootness. *See generally U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18 (1994)*; United States v. Munsingwear, Inc.,* 340 U.S. 36 (1950). Under those cases, mootness caused by a settlement agreement generally bars vacatur, because the party seeking relief voluntarily relinquishes its legal recourse. *See Bonner Mall*, 513 U.S. at 25. Here, however, the parties haven't truly settled the sanctions order. They've settled the remaining issues, and Defendant has agreed to let Plaintiff seek vacatur unopposed in the first instance--but in the event this Court declines to vacate its own order, Plaintiff has preserved her right to appeal the sanction order and Defendant has preserved its right to enforce that order. Thus, the issue is not actually moot, and the *Munsingwear/ Bonner Mall* line of cases has no real relevance.

Rather, the issue currently before the Court is a straightforward and unopposed Rule 60(b) order, brought as a request for an indicative ruling under Rule 62.1.

Federal Rule of Civil Procedure 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons listed in the rule. The rule "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir. 1983). "Rule 60(b) gives the court a grand reservoir of equitable power to do justice in a particular case." *State Bank v. Gledhill (In re Gledhill),* 76 F.3d 1070, 1080 (10th Cir. 1996) (internal quotation marks omitted); *see Amoco Oil Co. v. EPA,* 231 F.3d 694, 697 (10th Cir. 2000) ("district court has substantial discretion to grant relief as justice requires" (internal quotation marks omitted)).

The simple fact that the parties have settled the case and have agreed to vacate the discovery sanctions is generally insufficient to justify relief under Rule 60(b). Indeed, courts in this circuit have expressly warned against such relief, believing it might encourage parties to hazard greater risks at the trial level--knowing that they could settle, and vacate sanctions, during appeal. *See, e.g.*, *Nease v. State Farm*, 2014 WL 6626430 at *2 (E.D. Okla. Nov. 21, 2014). While recognizing that the sanctions order impinges on Plaintiff's counsel's reputation, the Court does not believe that the order was unwarranted--and therefore does not believe that the cost to Plaintiff's counsel's reputation is unwarranted.

Thus, even though this motion is unopposed, the Court does not see grounds justifying relief under Rule 60(b). Of course, the Court lacks jurisdiction over noncollateral matters while this case is pending appeal. Pursuant to Rule 62.1(a), where the Court lacks authority to *grant* relief, it may nonetheless deny the motion. Accordingly, the motion for an indicative ruling is denied.

By contrast, the Court finds Plaintiff's counsel's argument that he should be allowed to deposit funds into the Court registry rather than incur the expense of an appellate bond to be well-taken. Pursuant to D.C.COLO.LCivR 67.2(a), Plaintiff is

hereby authorized to deposit $4,675.23 in the Court Registry pending final resolution of her appeal.

Date: June 8, 2015