IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-01997-CMA-MJW

MARY LESTER,

    Plaintiff,

v.

CITY OF LAFAYETTE, COLORADO,

    Defendant.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO COSTS TAXED BY THE CLERK

This matter is before the Court on Plaintiff Mary Lester's objections to the $6,442.60 in costs taxed to her by the Clerk following this Court's grant of Defendant City of Lafayette's motion for summary judgment. (Doc. # 108.)  For the reasons that following, Ms. Lester's objections are overruled.

## I. BACKGROUND

On February 27, 2015, this Court granted Lafayette's motion for summary judgment. (Doc. # 94.)  After prevailing on summary judgment, Lafayette submitted a proposed Bill of Costs on March 11, 2015, seeking $6,615.10 in taxable costs. (Doc. # 96.)  On April 9, 2015, Ms. Lester filed her objections to Lafayette's proposed Bill of Costs challenging the attorney's docket fees ($22.50), the charges for the rough drafts of Ms. Lester and Troy Von Roenn's depositions ($423.75 for the rough draft of Ms.

Lester's deposition and $172.50 for the rough draft of Mr. Von Roenn's deposition), and the cost of Jeff Hansen's deposition transcript ($242.70).  (Doc. # 106.)

After reviewing Ms. Lester's objections, the Clerk of the Court disallowed the cost of the rough draft of Mr. Von Roenn's deposition and taxed to Ms. Lester a total amount of $6,442.60 in costs.  (Doc. # 107.)  On April 17, 2015, Ms. Lester filed her objections to the costs taxed by the Clerk.  (Doc. # 108.)

## II. ANALYSIS

Ms. Lester presents to this Court the same arguments that she raised before the Clerk (except, of course, for the argument regarding the charge for the rough draft of Mr. Von Roenn's deposition transcript, and Lafayette does not challenge the Clerk's decision to disallow this cost).  Ms. Lester argues that (1) costs may not be awarded for docket fees under 28 U.S.C. § 1923 for the filing of transcripts in connection with the summary judgment process; (2) Lafayette is not entitled to an award of costs for the rough draft of Ms. Lester's deposition; and (3) the cost for defense expert Jeff Hansen's deposition transcript is not properly awarded as a cost.

This Court reviews de novo the decision of the Clerk regarding the taxation of costs.  *See, e.g.*, *In re Williams Sec. Litig. – WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009).  Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party."  However, only costs that are "reasonably necessary" for litigation are taxable, *see Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987), and the award of costs under Rule 54(d)(1) is limited to those costs

2

specified in 28 U.S.C. § 1920, *see, e.g.*, *Sorbo v. United Parcel Service*, 432 F.3d 1169, 1179 (10th Cir. 2005) ("Absent some other statutory authorization, costs available to a prevailing party under Rule 54(d)(1) are limited to those specified in 28 U.S.C. § 1920 . . . ."). The Court has discretion to award costs under Rule 54(d), *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000), however, "[i]tems proposed by prevailing parties as costs should always be given careful scrutiny," *In re Williams Sec. Litig.*, 558 F.3d at 1147 (quotation marks and citation omitted). With this in mind, the Court now addresses each of Ms. Lester's arguments.

  **1.**  <u>**Costs for Docket Fees**</u>

The Clerk taxed $22.50 in costs to Ms. Lester for docket fees pursuant to 28 U.S.C. § 1923(a), which provides that an "[a]ttorney's . . . docket fees . . . may be taxed as costs as follows: . . . $2.50 for each deposition admitted in evidence." The clerk calculated the total amount to be taxed for attorney's docket fees by multiplying $2.50 by the number of deposition transcripts filed in connection with Lafayette's motion for summary judgment. In making her objection to this cost, Ms. Lester focuses on the phrase "admitted in evidence" and argues that because "said depositions were not 'introduced into evidence,' Defendant is not entitled to an order of costs for said fees under 28 U.S.C. § 1923." (Doc. # 108 at 2.) Ms. Lester also asserts that Lafayette "did not pay anything to file its motion for summary judgment and therefore it is not entitled to reimbursement for said 'Docket Fees.'" (Doc. # 108 at 2.)

In response, Lafayette asserts that "[t]he District Court Clerk specifically acknowledged during conferrals as to the City's pending bill of costs that depositions

3

cited to in a dispositive motion as an exhibit, as well as certain other documents, such as affidavits, are considered 'admitted' evidence." (Doc. # 109 at 2.)  For purposes of calculating attorney's docket fees pursuant to 28 U.S.C. § 1923(a), this Court considers a deposition transcript to be "admitted in evidence" if it was submitted in connection with a successful summary judgment motion.  In addition, this Court interprets 28 U.S.C. § 1923(a) to not require that the party requesting the taxation of costs actually incur any out-of-pocket costs.  Thus, this Court agrees with the Clerk that, under 28 U.S.C. § 1923(a), Lafayette is entitled to costs in the amount of $22.50 for the nine depositions that were submitted in connection with its motion for summary judgment.

### 2.  Cost of Rough Draft of Ms. Lester's Deposition Transcript

Included in the total amount of costs taxed to Ms. Lester is $2,090.00 for the transcript of her own deposition.  The invoice from Mile High Court Reporting indicates that this amount includes $423.75 for a "rough draft" of the transcript.  Ms. Lester argues that the charge for a rough draft of the transcript should not be included in the taxed costs because the rough draft was "not reasonably necessary for the litigation of the claims." (Doc. # 108 at 3 (citing *Mitchell*, 218 F.3d at 1204).)  Ms. Lester alleges that "[t]here was no compelling reason for Defendant to order a rough draft of Ms. Lester's deposition." (Doc. # 108 at 4.)

In response, Lafayette asserts that a rough draft of Ms. Lester's deposition transcript was necessary because that deposition occurred "immediately preceding the deposition of her husband, Kevin Lester, and her daughter, Kaylin Fournier." (Doc. # 109 at 3.)  Lafayette also states that "[t]he scheduling of these depositions in close

proximity to one another was done, in large part, to accommodate Plaintiff traveling from out of state and so that she could attend each of the depositions during one trip to Denver." (Doc. # 109 at 3.) Ms. Lester's deposition was taken on December 4, 2013, and the depositions of her husband and daughter were taken on December 6, 2013. Lafayette asserts that "[b]ecause the depositions of Plaintiff, Ms. Fournier and Mr. Lester were only a day apart, it was imperative for defense counsel to obtain a rough copy of the Plaintiff's deposition transcript and to question Ms. Fournier and Mr. Lester regarding statements and assertions made by Plaintiff at that deposition." (Doc. # 109 at 3-4.)

28 U.S.C. § 1920 authorizes a judge or clerk to tax as costs "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." This Court finds that, due to the proximity of Ms. Lester's deposition to those of her daughter and husband, a rough draft of her deposition was "necessarily obtained." Thus, the $423.75 cost for the rough draft is properly taxed to Ms. Lester.

### 3. Cost of Jeff Hansen's Deposition Transcript

The Clerk also taxed $242.70 to Ms. Lester for the cost of the deposition transcript of Jeff Hansen, Lafayette's expert witness in government ethics. Ms. Lester argues that Mr. Hansen's deposition was "not reasonably necessary for the purposes of the litigation" because "[i]t is inconceivable that a Defendant in an employment discrimination case would *need* an expert to testify about why it terminated one of its own employees." (Doc. # 108 at 5 (emphasis in original).) Ms. Lester asserts that an expert was not reasonably necessary in this case because: (1) Mr. Kalphake, "the

5

person at Defendant purported to have been responsible for the decision to terminate Ms. Lester's employment, holds a master's degree in organizations management . . . and holds himself out as *an expert* in government ethics"; and (2) government ethics is a "matter of common sense." (Doc. # 108 at 5 (emphasis in original).)

In response, Lafayette points to the fact that Ms. Lester deposed Mr. Hansen as proof that his testimony "was considered pertinent and/or important to the case." (Doc. # 109 at 5.) Lafayette also notes that "Mr. Hansen's deposition transcript was specifically cited to and portions [were] attached as an exhibit to the City's summary judgment briefing." (Doc. # 109 at 5.)

This Court believes that a transcript of Mr. Hansen's deposition testimony was "necessarily obtained for use in the case." Lafayette relied on Mr. Hansen's testimony to support its motion for summary, which was ultimately successful. Thus, this Court finds that the cost of Mr. Hansen's deposition transcript—$242.70—is properly taxed to Ms. Lester.

### III. Conclusion

Following a de novo review, this Court finds that Ms. Lester is properly taxed in the total amount of $6,442.60 for costs incurred by Lafayette in connection with its successful motion for summary judgment.

Accordingly, it is hereby ORDERED that Ms. Lester's Objections to Costs Taxed (Doc. # 108) are OVERRULED.

DATED: August 6, 2015                    BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge